IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


DANA ELLEN ATKINSON                                                    PLAINTIFF


v.                                      CIVIL NO. 19-cv-05175


ANDREW SAUL, Commissioner                                             DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Dana Ellen Atkinson, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her application for DIB on November 30, 2016. (Tr. 10). In her application, Plaintiff alleged disability beginning on June 5, 2012, due to: congestive heart failure, fibromyalgia, hypertension, asthma, arthritis, lumbar disc degeneration, sacroiliitis, obesity, and transvaginal mesh erosion. (Tr. 10, 182). An administrative hearing was held on June 8, 2018, at which Plaintiff appeared with counsel and testified. (Tr. 10, 27-50).

On December 27, 2018, the ALJ issued an unfavorable decision. (Tr. 20). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: obesity, essential hypertension, fibromyalgia syndrome,

disorder of the spine, history of congestive heart failure, and history of asthma. (Tr. 13). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 13-14). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [Pe]rform light work as defined in 20 CFR 404.1567(b), except the claimant can only occasionally lift and/or carry 20 pounds and can frequently lift and/or carry 10 pounds; the claimant can stand and/or walk for 6 of 8 hours and sit for 6 of 8 hours with normal breaks; the claimant has push and pull limitations pursuant to her lift and/or carry limitations; the claimant can occasionally climb ramps and/or stairs as well as ladders, ropes, and/or scaffolds; the claimant can occasionally balance, stoop, kneel, crouch, and/or crawl; and the claimant must avoid even moderate exposure to fumes, odors, dusts, gases, and poorly ventilated areas.

> (Tr. 14-19).

With the help of a vocational expert, the ALJ found Plaintiff would be able to perform her past relevant work as a telephone service sales representative and as a data processing salesperson. (Tr. 19). The ALJ found Plaintiff was not disabled from June 5, 2012, through December 31, 2016, the date last insured. (*Id.*).

Subsequently, Plaintiff filed this action. (Doc. 2). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th

Cir. 2002).  Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff brings the following points on appeal: 1) whether the ALJ erred in failing to assess all of her impairments in combination; 2) whether the ALJ erred in his analysis and credibility findings regarding Plaintiff's subjective complaints of pain; 3) whether the ALJ erred in finding Plaintiff was capable of performing her past work as a telephone service sales representative and data processing salesperson; and 4) whether the ALJ erred in finding that Plaintiff retained the RFC to perform a limited range of light work. (Doc. 10). The Commissioner argues the ALJ did not err as the ALJ found Plaintiff not disabled at step four, when he found she could perform her past relevant work.  (Doc. 11).

The Court has reviewed the entire transcript and the parties' briefs.  For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby

summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 7th day of August 2020.

/s/   *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE